UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

James C. King,

        Plaintiff,

v.

Conn Appliances, Inc.,

        Defendant.

Civil Action No.: 1:14-cv-00259

**COMPLAINT**

For this Complaint, the Plaintiff, James C. King, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

3. The Plaintiff, James C. King ("Plaintiff"), is an adult individual residing in Del Valle, Texas, and is a "person" as the term is defined by 47 U.S.C.A. § 153(39).

4. The Defendant, Conn Appliances, Inc. ("Conn"), is a Texas business entity with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381-2008, and is a "person" as the term is defined by 47 U.S.C.A. § 153(39).

**FACTS**

5. Beginning in or around December 2013, Conn started calling Plaintiff's cellular telephone as many as four (4) times a day.

6. At all times mentioned herein, Conn contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

7. When he answered the ATDS calls, Plaintiff heard a pre-recorded message that stated, "This message is for James K-I-N-G…you have an important message from Conn's, please hold for a representative…" only after he heard this message was Plaintiff transferred to a live person.

8. At all times, Conn contacted Plaintiff regarding payment on his account.

9. During a conversation on or about December 6, 2013, Plaintiff informed Conn that he was financially unable to make payments on his account at the time. Plaintiff requested Conn cease calling his cell phone.

10. Nonetheless, Conn continued to hound Plaintiff with ATDS calls.

11. If at one time Conn had obtained Plaintiff's express consent to place calls to his cellular telephone, it no longer had consent after Plaintiff requested that the calls cease.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. Defendant contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

14. Plaintiff either never provided express consent to Defendant or the Creditor to call his cellular telephone number, or Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone by his repeated demands to cease calling his cellular telephone.

15. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

17. As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

19. The Plaintiff is entitled to damages as a result of the Defendant's violations.

### **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(1)(A);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 25, 2014

          Respectfully submitted,

          By:   */s/ Sergei Lemberg*

          Sergei Lemberg, *Attorney-in-Charge*
          Connecticut Bar No. 425027
          LEMBERG LAW LLC
          1100 Summer Street, 3rd Floor
          Stamford, CT 06905
          Telephone: (203) 653-2250
          Facsimile:  (203) 653-3424
          E-mail: slemberg@lemberglaw.com
          Attorneys for Plaintiff